UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATURE'S ANSWER, INC.,

                Plaintiff,

  -against-

AROMA KING INC., HEALTHY RESULTS USA
INC., and SHAYA ISKOWITZ,

                Defendants.
-------------------------------------------------------------X

Civil Action No: 22-cv-9665

**PERMANENT INJUNCTION**

District Judge: Kenneth M. Karas

Magistrate Judge: Andrew E. Krause

Plaintiff, Nature's Answer, Inc. ("Nature's Answer"), brought this lawsuit against Defendants, Aroma King Inc., Healthy Results USA Inc., and Shaya Iskowitz (collectively, "Defendants"), alleging the following causes of action: (i) trademark counterfeiting in violation of 15 U.S.C. § 1114; (ii) trademark infringement in violation of 15 U.S.C. § 1114; (iii) false designation of origin in violation of 15 U.S.C. § 1125; (iv) trademark infringement and unfair competition in violation of the common law; (v) trademark dilution in violation of New York General Business Law § 360-l; and (vi) trademark dilution in violation of the common law. Docket Entry No.: 1. The parties have settled the matter and jointly filed a Stipulated Motion for Entry of Permanent Injunction (the "Motion").

Having considered the Motion, the Court HEREBY ORDERS the following pursuant to stipulation:

1.     The Court has jurisdiction over Nature's Answer and Defendants and the claims in this action.

Case 7:22-cv-09665-KMK-AEK Document 35-2 Filed 10/27/23 Page 3 of 23

2. Nature's Answer has alleged, in its complaint, the following causes of action against Defendants: (i) trademark counterfeiting in violation of 15 U.S.C. § 1114; (ii) trademark infringement in violation of 15 U.S.C. § 1114; (iii) false designation of origin in violation of 15 U.S.C. § 1125; (iv) trademark infringement and unfair competition in violation of the common law; (v) trademark dilution in violation of New York General Business Law § 360-l; and (vi) trademark dilution in violation of the common law. Docket Entry No.: 1.

3. Nature's Answer and Defendants have entered into a settlement agreement ("Settlement Agreement"), a copy is attached hereto as Exhibit "1," by which they have agreed to resolve Nature's Answer's claims.

4. Defendants and their affiliates, officers, agents, servants, employees, attorneys, and all persons and entities acting for, with, by, through, under, or in active concert with them, are hereby PERMANENTLY ENJOINED from engaging in any of the following activities, and from assisting, aiding, or abetting any other person, business, or entity in engaging in, or performing, any of the following activities:

    a. Using the NATURE'S ANSWER word mark and the NATURE'S ANSWER logos (displayed below)

 

or any reproductions or counterfeit copies thereof, or confusingly similar marks (collectively, the "NA Marks"), in connection with the manufacturing, marketing,

advertising, offering for sale, selling, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, any products not made by or authorized by Nature's Answer;

   b. passing off, inducing, or enabling others to sell or pass off, any products as Nature's Answer products that are not Nature's Answer products, not produced under the authorization, control, or supervision of Nature's Answer, and/or not approved by Nature's Answer for sale under the NA Marks;

   c. representing that Defendants are sellers, resellers, distributors, business partners, or other types of partners of Nature's Answer, or that Defendants are otherwise affiliated with, endorsed by, or sponsored by Nature's Answer;

   d. using, registering, acquiring, establishing, or creating any domain names, associated email addresses, and URLs that are comprised of, or contain, any of the NA Marks;

   e. using, registering, acquiring, establishing, or creating any social media pages or accounts (*e.g.,* Facebook, Instagram, X f/k/a Twitter, Reddit, Snapchat, TikTok, YouTube, etc.) that are comprised of, or contain, any of the NA Marks;

   f. using, registering, acquiring, establishing, or creating any online store names and accounts (*e.g.,* eBay, Amazon, Alibaba, etc.) that are comprised of, or contain, any of the NA Marks; and

    g. using, registering, acquiring, establishing, or creating any payment accounts (*e.g.,* PayPal, Venmo, etc.) that are comprised of, or contain, any of the NA Marks.

  5. This case is otherwise dismissed as against Defendants with prejudice.

  6. The parties are to bear their own costs and fees except as otherwise provided in this Permanent Injunction.

  7. This Court shall retain jurisdiction of any disputes between the parties and their heirs, successors, and assigns with respect to or arising from this Permanent Injunction and the Settlement Agreement entered into among the parties to resolve the above-captioned action.

  IT IS SO ORDERED.

Dated:  10/30/23

                      _____
                      Hon. Kenneth M. Karas
                      United States District Judge